IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,439-01






EX PARTE LONNY DOUGLAS DUNSTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W89-97636-L(A) IN THE CRIMINAL DISTRICT COURT NO. 5


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to theft and was
sentenced to twenty-five years' imprisonment. 

 Applicant contends that he is being denied credit for time spent released on parole prior to
revocation. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). The trial court has obtained an affidavit from Texas
Department of Criminal Justice's Parole Division, Review and Release Processing Section, which
indicates that Applicant did not receive credit for his period of parole because he did not meet the
mid-point of his remaining sentence while on parole. The affidavit pertains to a period of parole
beginning on June 4, 2001. The affidavit also notes that Applicant was previously released to parole
on March 16, 1992. However, neither the affidavit nor the documents submitted in conjunction with
the affidavit indicate if and when Applicant's 1992 parole was revoked. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Correctional Institutions Division and
Parole Division, to file an additional affidavit and supporting documents showing if and when
Applicant's 1992 parole was revoked. The affidavit and documents should show whether
Applicant's release in 2001 was a separate parole release, or simply a continuation of his unrevoked
1992 parole. The affidavit should also state whether Applicant is serving a sentence for, or has
previously been convicted of, an offense which was listed in Tex. Gov't. Code § 508.149(a) at the
time of Applicant's revocation. Finally, the affidavit should indicate whether or not Applicant has
submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim
was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit, and if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of time credit for that time. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 12, 2008

Do not publish